# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-04-00001-CV
---

**In the Matter of J.G.**

---
### FROM THE 27TH DISTRICT COURT OF BELL COUNTY,
### NO. 200,059-C, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

This appeal arises from a juvenile adjudication for the offense of assault with bodily injury on a family member. Appellant, a juvenile, pleaded true to committing assault with bodily injury on a family member and pleaded true to the allegation that she had been previously adjudicated for the same offense. *See* Tex. Pen. Code Ann. § 22.01 (West Supp. 2004-05); Tex. Fam. Code Ann. § 54.03 (West Supp. 2004-05). Neither the oral nor written judgment expressly characterized appellant's adjudication as being for either felony or misdemeanor conduct. Appellant urges that, because the family code prohibits enhancing a juvenile's subsequent assault adjudication to a felony, the court erred by construing her offense as a felony. *See* Tex. Fam. Code Ann. § 51.13 (West Supp. 2004-05). We reform the judgment to reflect that appellant's adjudication was for a misdemeanor offense and affirm the judgment as reformed.

## DISCUSSION

During the admonishment portion of appellant's sentencing hearing, the court stated that, "because [appellant had] a prior juvenile adjudication for family violence," it believed appellant's conduct constituted a felony pursuant to family code section 51.13(b)(1). *See id.* (prior adjudication of child may be used in subsequent proceeding to which child is a party). Appellant objected, urging that the penal code enhancement provisions do not apply to juveniles because section 22.01 discusses "enhancement" only in terms of "convictions," which describe only adult conduct. *See* Tex. Pen. Code Ann. § 22.01. The court overruled her objection.

Ultimately, the court found that the evidence supported the material allegations contained in the State's petition and that appellant had engaged in delinquent conduct. The court sentenced appellant to one year of probation including six weeks of boot camp. In its oral ruling, the court did not mention appellant's prior adjudication nor did it characterize her instant offense as a felony. In its written judgment, the court stated that appellant's adjudication was for a subsequent offense of assault with bodily injury on a family member, but did not expressly state that the offense was adjudicated as a felony.

Appellant argues that, as a matter of law, she cannot be considered a "defendant" with a previous "conviction" because she is a juvenile. Accordingly, she contends that the evidence is legally insufficient to support an adjudication for felony assault under penal code section 22.01, which refers only to enhancing the sentences of previously convicted defendants. *See id.* The State agrees with appellant's interpretation of the penal code but maintains that no reform is needed

2

because, as written, the judgment does not enhance appellant's adjudication to a felony, but instead implies that it is a misdemeanor adjudication.

We hold that the offense was a misdemeanor, not a felony. Under the family code, a juvenile's prior adjudication for assault against a family member may not be used as a prior conviction. *See* Tex. Fam. Code Ann. § 51.13(a). Thus, appellant has no prior conviction that would require her second assault to be enhanced from a misdemeanor to a felony under the penal code. *See* Tex. Pen. Code Ann. § 22.01(b)(2).

We reform the written judgment of the court; the relevant portion of the judgment should read, "The Court finds that the Juvenile-Respondent was born on the 12th day of February, 1990, and engaged in delinquent conduct, beyond a reasonable doubt, in that the said Juvenile-Respondent did, as alleged in paragraph V of the State's Original Petition Alleging Delinquent Conduct, commit the misdemeanor offense of Assault with Bodily Injury on a Family Member as defined in the Texas Penal Code."

## CONCLUSION

Appellant's single issue is sustained, and, as reformed, the judgment is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Reformed and, as Reformed, Affirmed

Filed:   October 6, 2005

3